### Timothy Bascom *vs.* Simeon Butterfield.

An administrator who pays in full a claim against the estate of his intestate, under the belief that the estate is solvent, cannot recover back any part of the sum so paid, unless he proves the insolvency of the estate by a commission of insolvency duly issued, executed and returned, and a dividend decreed by the probate court : Hence it was held that an administrator could not recover, in such case, where the commissioners of insolvency returned a list of claims allowed by them after the expiration of the time limited in their commission, although the judge of probate had ordered a divi dend to be paid to the creditors.

Assumpsit for money had and received.   The plaintiff was administrator of the estate of Clement Bascom, and had paid to the defendant, in full, a debt due to him from said Clement, under a belief that said estate was solvent.   The plaintiff afterwards represented said estate to be insolvent, and the judge of probate thereupon appointed commissioners to examine the claims of creditors against said estate, and to return to him, in six months, a list of the claims that should be laid before them, with the sum that they should allow on each of them. Claims were allowed and returned by the commissioners, to an amount much larger than that of the assets of said intestate ; and the judge of probate ordered a dividend of about 30 per cent. to be paid to the creditors by the plaintiff.

The present action was brought to recover from the defendant six tenths of the sum paid to him as above mentioned.

At the trial in the court of common pleas, before *Williams,* C. J. it was proved that said commission of insolvency was not returned to the probate office within the time therein prescribed, and that the commissioners in fact allowed the claims, returned by them, after the expiration of six months from the time of the issuing of said commission — no further time for presenting claims against said estate having been allowed by the judge of probate. Whereupon the judge ruled that the plaintiff could not maintain his action, and a nonsuit was ordered, to which the plaintiff alleged exceptions.

*E. Fuller,* for the plaintiff, cited *Walker* v. *Hill,* 17 Mass. 380. *Walker* v. *Bradley,* 3 Pick. 261.

*A. H. Fiske,* for the defendant.

SHAW, C. J. As the plaintiff claims to recover back money voluntarily paid by him to the defendant, several years since, as creditor of the estate of Clement Bascom, of which the plaintiff was administrator, he is bound to make out a clear equitable case. The estate was supposed to be amply solvent at the time this payment was made, and was long afterwards represented insolvent by the plaintiff. A number of very large claims were allowed, apparently without objection on the part of the administrator, by which the estate appeared to be insolvent. Before he can rely upon this apparent insolvency, he is bound to show that a strictly legal course has been pursued in the settlement of the estate.

In examining the commission of insolvency and the list of debts returned by the commissioners, it appears that when the return was made, the time allowed by the judge of probate had expired ; and that at the time of the allowance of the claims, the authority of the commissioners had ceased. No further time was allowed by the judge of probate. It does not therefore appear that the debts were allowed by any legal authority.

But it is contended, that this return was accepted and acted upon, and its validity recognized by the judge of probate, and that this is a ratification. But, in the first place, it does not appear by any direct adjudication, that this report of the commissioners was accepted. The judge afterwards passed a decree

of distribution, which may be considered as an acceptance by implication. But in point of fact it does not appear that the judge knew that the commission was not returned within the time therein limited ; or if he had known it, that he would have accepted it.

What would have been the proper course of proceeding for tl e administrator, if the commissioners had neglected or refused to return the commission in due time, either to compel them to return it, or to supersede it, or to issue a new one ; it is not now necessary to decide. The plaintiff, who was the administrator, and who, more than any other person, was responsible for the regularity of the proceedings, founds his right to maintain this action on those proceedings ; he relies on them to show an ultimate insolvency, which warrants him in recovering back a debt formerly paid. He can establish this claim only by showing a commission of insolvency duly issued, executed and returned, as the basis of the decree, upon which that insolvency rests. He does not show a commission so executed and returned, and therefore the court are of opinion that he cannot recover, and that the nonsuit was right.

*Exceptions overruled, and judgment of the court of common pleas affirmed.*